Howard A. Zeller, J.
Plaintiff has moved by an order to show cause why defendant should not be punished for contempt of court for failure to answer questions in an information subpoena. A copy of the show cause order was personally served on defendant who did not appear upon the return date.
Plaintiff’s attorney attempted to serve the information subpoena by certified mail on defendant. The envelope was returned to plaintiff’s attorney with a notation by the post office that it was “ unclaimed ”. Thereafter plaintiff’s attorney, sent the information subpoena to defendant by ordinary mail. There is no proof that it was received by defendant.
CPLR 5224 of article 52 entitled 11 Money Judgments — Enforcement ” provides:
“ (a) Kinds and service of subpoena. Any and all of the following kinds of subpoenas may be served:
*1053 1. a subpoena requiring attendance for the taking of a deposition upon oral or written questions at a time and place named therein; or
2. a subpoena duces tecum requiring the production of books and papers for examination at a time and place named therein; or
3. an information subpoena, accompanied by a copy and original of written questions and a prepaid, addressed return envelope. Service of an information subpoena may be made by registered or certified mail, return receipt requested.”
With regard to a subpoena requiring attendance (subd. [a], par. 1) and to a subpoena duces tecum (subd. [a], par. 2), service must be made “in the same manner as a summons.” (CPLR 2303.) For the information subpoena an alternative service by registered or certified mail is provided.
Plaintiff’s attorney urges that service of the information subpoena by ordinary mail may be substituted when a defendant fails to claim certified or registered mail containing an information subpoena. This is not the intent of CPLR 5224. To lay the foundation for an order of contempt (CPLR 5251) the information subpoena must be served by registered or certified mail or, if this cannot be accomplished, then it must be served “ in the same manner as a summons.”
It would be injudicious to levy a fine or direct defendant’s imprisonment in the absence of proper service of the information subpoena. (Kiamesha Concord v. Pullman, 52 Misc 2d 270.)
Motion denied, without costs, and with leave to properly commence an enforcement proceeding.