CECELIA S. LAUGHING, Also Known as TEATA, Appellant, v POWER AUTHORITY OF THE STATE OF NEW YORK et al., Respondents. (Action No. 1.)

DONALD J. RICHMOND, JR., Also Known as TEKAWERENTE, Appellant, v POWER AUTHORITY OF THE STATE OF NEW YORK et al., Respondents. (Action No. 2.)

MARGARET WEITZMAN, Appellant, v POWER AUTHORITY OF THE STATE OF NEW YORK et al., Respondents. (Action No. 3.)

ALVIN JOCK, Also Known as KANAHAROTON, Appellant, v POWER AUTHORITY OF THE STATE OF NEW YORK et al., Respondents. (Action No. 4.)

ANGELA SHERMAN, Also Known as KOWARIOHONTANI, Appellant, v POWER AUTHORITY OF THE STATE OF NEW YORK et al., Respondents. (Action No. 5.)

Third Department, July 5, 1979

### APPEARANCES OF COUNSEL

*Mahlon T. Clements* for appellants.

*Leonard & Mellon (John E. Mellon* of counsel), for Power Authority of the State of New York, respondent.

*Fischer & Hughes* for Franklin County, respondent.

### OPINION OF THE COURT

HERLIHY, J.

Each of these five plaintiffs brought individual actions against the defendants, alleging that they had been falsely arrested, imprisoned and assaulted, and maliciously prosecuted by the defendant Power Authority of the State of New York (PASNY). The defendant PASNY commenced the clearing of land in Franklin County for the construction of a high voltage line and plaintiffs, together with others, protested such action by physically interfering. On December 8, 1976, preliminary injunctions were issued by the Supreme Court at Special Term (SODEN, J.), and upon their face, the orders provided that personal service upon persons "shall be sufficient to enjoin such person or persons". (See *Power Auth. of*

*State of N. Y. v Moeller,* 57 AD2d 380, mot for lv to app den 42 NY2d 806.)

In spite of the preliminary injunction, the protestors continued with their interference and warrants of attachment were issued on January 5 and January 6, 1977 in accordance with the authority of former section 757 of the Judiciary Law (repealed by section 1 of chapter 437 of the Laws of 1977, eff July 12, 1977). The warrants of attachment were directed in the orders of Special Term (LAWRENCE, J., Acting Supreme Ct. J.) to the "Sheriff of any County" where the accused persons might be found and the warrants of attachment were directed on their face to the "Sheriff of any County" where the accused were found. Former section 757 required that the warrant be directed to a sheriff or sheriffs.

The plaintiffs were arrested on January 6 and January 7 by New York State Police officers assisted by PASNY security officers. The plaintiffs were taken before Justice LAWRENCE, as Acting Supreme Court Justice, for arraignment and were thereafter bound over by the arraignment for appearance on January 15, 1977, the return date of the warrant. On the return date, the warrants were dismissed because there had been a failure of the arresting officers to serve the plaintiffs with a copy of the warrants and the underlying affidavits as was required by former section 763 of the Judiciary Law (repealed by L 1977, ch 437, § 1).

■ Upon the present pleadings and record, the plaintiffs have failed to establish any basis whereby the defendant Franklin County could be liable for false imprisonment. The complaints alleged wrongful acts by the Sheriff of Franklin County after arraignment and both by virtue of the general rule that damages are not recoverable after arraignment for false imprisonment *(Broughton v State of New York,* 37 NY2d 451, 459) and the rule that counties are not liable for the acts of Sheriffs (NY Const, art XIII, § 13, par [a]; *Snow v Harder,* 43 AD2d 1003), the complaint was properly dismissed as to the County of Franklin.

■ Further, the record demonstrates that PASNY duly proceeded pursuant to former sections 757 and 763 of the Judiciary Law to seek warrants of attachment from a court having jurisdiction of the proceeding and there is nothing to suggest an action for malicious prosecution against it. The prosecution was in proper form and the warrants of attachment were valid. Upon the present record, there is no showing

of malice as a matter of law (cf. *Black v Judelsohn,* 251 App Div 559, 562, 563). Accordingly, the complaint was properly dismissed against PASNY as to the cause of action for malicious prosecution.

■ However, the causes of action alleging false arrest and false imprisonment against PASNY have prima facie support in the record.

The question raised is whether or not the warrants of attachment by themselves were sufficient to make the arrest privileged within the meaning of *Broughton v State of New York (supra).* Upon the present record, it is evident that the warrants were not void and we do not find that the failure to properly serve the warrants and the underlying affidavits either had or could under any circumstances have the effect of rendering them void. Accordingly, from the time the warrants were issued, the plaintiffs were subject to arrest. Upon their face, the warrants were directed to a Sheriff and the underlying statute requires execution by a Sheriff, but, nevertheless, PASNY apparently proceeded to accomplish the arrests by use of the State Police and its own security personnel. Further, it appears PASNY's agents were present but made no attempt to comply with the mandate of former section 763 of the Judiciary Law.*

In the case of *Ford v State of New York* (21 AD2d 437, 440), the court held that a failure to follow the statutory mandate in regard to the procedural execution of a warrant of arrest did not negate the privilege of the warrant and would not support causes of action for false arrest and false imprisonment. However, unlike *Ford,* we do have in this case the absence of any indication of apparent authority to execute the warrant. Further, we are here dealing with a civil proceeding and former section 762 of the Judiciary Law specifically provides that the "warrant of attachment is a mandate, whereby an original special proceeding is instituted". The requirement of service of the process upon the accused, when given its ordinary meaning in conjunction with section 762, means that there is no basis for seizure of the person unless the proceeding is instituted by service. *Public policy requires a strict conformity with statutory procedures for the civil arrest of civil litigants.*

---

* Former section 763 of the Judiciary Law provided that "[a] copy of the warrant, and of the affidavit upon which it is issued, must be served upon the accused, when he is arrested by virtue thereof."

As an example of public policy, article 19 of the Judiciary Law, as amended by chapter 437 of the Laws of 1977, now requires in situations like the present proceeding that notice of the application to punish for a civil contempt be served upon the accused or at least on his attorney (Judiciary Law, §§ 756, 761). Accordingly, we find that the complaints should not have been dismissed as to causes of action for false arrest, false imprisonment and assault against PASNY.

We, of course, are not ruling as to the merits.

The orders should be modified, on the law, by denying so much of the motion of defendant Power Authority of the State of New York as requested dismissal of plaintiffs' causes of action against it for false arrest, false imprisonment and assault, and, as so modified, affirmed, without costs.

MAHONEY, P. J., SWEENEY, KANE and MAIN, JJ., concur.

Orders modified, on the law, by denying so much of the motion of defendant Power Authority of the State of New York as requested dismissal of plaintiffs' causes of action against it for false arrest, false imprisonment and assault, and, as so modified, affirmed, without costs.