751 A.2d 161

NEW CENTURY FINANCIAL SERVICES, INC., PLAINTIFF,
v. SHIRLEY REED, DEFENDANT.

Superior Court of New Jersey
Law Division Passaic County

Decided February 1, 2000—Revised March 22, 2000.

HUMPHREYS, J.S.C. (temporarily assigned recall).

Plaintiff, a judgment creditor in the amount of $2,956.75, has moved for an order enforcing litigant's rights. Plaintiff requests that the order provide that if the defendant fails to comply with an information subpoena, a warrant for the defendant's arrest "shall" be issued without further notice.

The information subpoena was served upon the defendant by regular mail and by certified mail, return receipt requested. The regular mail was not returned. The return receipt was returned with the marking "refused by addressee."

The court invited and heard oral argument from the judgment creditor's counsel as to whether an arrest warrant should issue under these circumstances.

The judgment creditor contends that the Court Rules permit in a civil action service by mail of an information subpoena. See Court Rules 4:59–1(e), 1:5–2, 1:5–3 and 6:7–2(b). See also Judge Pressler's current comment to Court Rule 1:5–3. Assuming *arguendo* that this is true, the service must, nevertheless, conform to constitutional guaranties of due process of law. See *Perlmutter*

*v. DeRowe*, 58 *N.J.* 5, 17, 274 *A.*2d 283 (1971); (A person arrested in a civil action pursuant to a *Capias ad respondendum* has all the procedural rights and protections afforded to one arrested on a criminal charge for the same fraud upon which the *capias* was based.) See also *U.S. Const.* Article V and amend. XIV, Section 1; *N.J. Const.* art. 1, paragraph 1; and *N.J. Const.* art. 1, paragraph 13 (barring imprisonment for debt).

The first requirement of due process is notice. *Avant v. Clifford*, 67 *N.J.* 496, 341 *A.*2d 629 (1975). See also *In re Jersey City Educ. Ass'n*, 115 *N.J.Super.* 42, 51, 278 *A.*2d 206 (App.Div. 1971)(For the striking teachers to be guilty of contempt, they had to have been served with the injunctive order or had actual knowledge of it).

The creditor argues that the Supreme Court by its enactment of the rules has mandated what constitutes proper notice in the case of information subpoenas, and that a trial court has no discretion but must follow the Supreme court mandate.

This court agrees that it must follow the mandates of the Supreme Court, but does not agree that the Supreme Court has mandated that service by certified mail is in and of itself constitutionally sufficient notice so as to warrant an arrest under any circumstance.

The following example illustrates the serious error that could easily result from counsel's literal interpretation of the Court Rules. (See Judge Learned Hand's well known statement that "there is no surer way to misread any document than to read it literally." (Quoted in *Schierstead v. Brigantine*, 29 *N.J.* 220, 231, 148 *A.*2d 591 (1959).) Assume that the return receipt is marked "moved, left no address", or contains some other marking indicating that the debtor had not received the information subpoena or order. Nevertheless, a paralegal or secretary for counsel to the judgment creditor submits a form order to the court.

A certification is submitted that service was made by mail in accordance with the Court Rules. The form order provides in the

language of the form in Appendix XI–O to the Court Rules, that if the debtor fails to comply within 10 days of the "certified date of personal service *or mailing* of this order," "a warrant for the defendant's arrest shall issue out of this court without further notice." (emphasis added).

Assume further, that as presently permitted by the Court Rules, the form order sent to the court is not accompanied by the return receipt for certified mail. See Pressler, Current N.J. Court Rules Comment to *R.* 1:5–3. The Court Rules on service having literally been complied with, a Court signs the warrant for the defendant's arrest. A warrant is issued and the debtor is arrested, even though the debtor was completely unaware of the subpoena and order.

Counsel stated at oral argument that this scenario couldn't happen because the attorney for the creditor's paralegal or secretary would realize that proper service had not been made and would not seek an arrest warrant. The court does not share counsel's confidence. A dozen or more of these form orders are submitted to this Court each week. The Court does not believe that a paralegal or secretary in a busy collection law firm would have the necessary expertise to make such an important decision directly impacting the constitutionally guaranteed interest in personal liberty.

Simply stated, the Court Rules regarding service by mail may not be construed to permit what the Constitution forbids. Court Rules no less than statutes may not transgress the Constitution.

Consequently, before a judgment debtor can be arrested for failure to answer an information subpoena, adequate proof must be presented that the debtor was personally served with the subpoena or had actual knowledge of it. See *Carl v. Moyer*, 63 *Misc.*2d 1052, 313 *N.Y.S.*2d 936 (1970) (Service by ordinary mail cannot be substituted when a defendant fails to claim certified or registered mail containing an information subpoena; it would be injudicious to levy a fine or direct defendant's imprisonment in the

absence of proper service of the information subpoena.); *Laughing v. Power Authority of State of N.Y.,* 68 *A.D.*2d 585, 418 *N.Y.S.*2d 676 (1979) (Public policy requires strict conformity with statutory provisions for service before civil litigants can be arrested.)

The court recognizes that proof of actual knowledge may be inferred from the facts. See *In re Jersey City Educ. Ass'n,* supra at 51, 278 *A.*2d 206 (Proof of actual knowledge of the injunctive order may be inferred from the facts.). The return receipt here was marked by the postal authorities "refused by the addressee." Counsel for the judgment creditor states in a letter that he has been advised by New York legal counsel for the United States Post Office that this terminology means that the person to whom the mail is addressed has refused the mail; and that if a third party had refused it, the mail would simply be marked "refused."

However, the judgment creditor has not furnished the court with any postal regulation to that effect, nor with any certification from the unidentified New York counsel. Nor has the court been furnished with any information as to what action, if any, the postal employee takes to ascertain whether it is the addressee and not a third party who is refusing the mail.

Arresting a person in a civil case is a serious matter. Before such a drastic remedy is afforded to a creditor seeking to enforce a money judgment, proof must be presented to the court that the person was personally served with or had actual knowledge of the subpoena or order alleged to have been violated.

If this requirement puts an additional burden on judgment creditors, then that is the price that must be paid for the privilege of living in a society that cherishes the constitutional guaranty of liberty under law.