842 A.2d 179 (2004)
367 N.J. Super. 17
NEW CENTURY FINANCIAL SERVICES, INC., Plaintiff-Appellant,
v.
Wayne NASON, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted December 3, 2003.
Decided January 26, 2004.
*180 Pressler and Pressler, attorneys for appellant (Lawrence J. McDermott, Jr., on the brief).
Respondent did not file a brief.
Before Judges KING, LINTNER and LISA.
The opinion of the court was delivered by LISA, J.A.D.
We consider in this appeal whether it was a mistaken exercise of discretion for the trial judge to refuse to issue an arrest warrant for a judgment debtor who failed to answer an information subpoena, failed to respond to a motion to enforce litigant's rights, and failed to respond after being served with an order for arrest. The judgment creditor complied with all applicable court rules. All required documents were served on the judgment debtor by regular and certified mail sent to his last known address. The address was the same for all mailings. The trial judge refused to issue the warrant in the absence of proof that the debtor was personally served with or had actual notice of the order for arrest, which provided that his failure to answer the information subpoena would result in the issuance of the arrest warrant. We now reverse.

I
Plaintiff, New Century Financial Services, Inc., obtained a default judgment in the Special Civil Part against defendant, Wayne Nason, for $1,853.61 for credit card debt. Plaintiff mailed an information subpoena, R. 6:7-2(b)(1), simultaneously by regular and certified mail, to defendant's last known address. R. 6:7-2(c). The information subpoena was in the form prescribed by Appendix XI-L, and contained the following statements:
Attached to this Information Subpoena is a list of questions that court rules require you to answer within 14 days from the date you receive this subpoena. If you do not answer the attached questions within the time required, the opposing party may ask the court to conduct a hearing in order to determine if you should be held in contempt. You will be compelled to appear at the hearing and explain your reasons for your failure to answer.
If this judgment has resulted from a default, you may have the right to have this default judgment vacated by making an appropriate motion to the court. Contact an attorney or the clerk of the court for information on making such a motion. Even if you dispute the judgment you must answer all of the attached questions.
Defendant failed to respond, and plaintiff proceeded to the next step. It filed a motion to enforce litigant's rights. R. 6:7-2(e). The form of the motion and the supporting certification accorded with Appendices XI-M and -N. Service was again made by simultaneous regular and certified mail to defendant's last known address. R. 6:7-2(e). The motion informed defendant that, at a specified time *181 and date, at the county courthouse, plaintiff would apply to the court for an order: (1) determining that defendant violated plaintiff's rights as a litigant by failing to comply with the information subpoena, (2) compelling defendant to immediately furnish answers to the questions in the subpoena, and (3) directing that if defendant failed to appear in court he would be arrested. The motion further stated that defendant "may avoid having to appear in court by sending written answers to the questions attached to the information subpoena no later than three (3) days before the court date."
In support of the motion, plaintiff's counsel certified that (1) he served the information subpoena on defendant at his last known address, by regular and certified mail, (2) "[t]he regular mail has not been returned by the U.S. Postal Service," and (3) "[t]he certified mail return receipt card has been signed for and returned to me." Counsel further certified that defendant had not complied with the information subpoena and that counsel requested an order enforcing litigant's rights. Finally, counsel certified that he served the motion on defendant by simultaneous regular and certified mail, as authorized by Rule 6:7-2(e).
Defendant failed to either answer the questions prior to the court date or appear in court. A Special Civil Part judge issued an "Order for Arrest" in the form prescribed by Appendix XI-O. The order provided:
1) Defendant Wayne Nason has violated plaintiff's rights as a litigant;
2) Defendant Wayne Nason shall immediately furnish answers as required by the information subpoena;
3) If defendant Wayne Nason fails to comply with the information subpoena within ten (10) days of the certified date of mailing of this order, a warrant for the defendant's arrest shall issue out of this Court without further notice;
Plaintiff served the order for arrest on defendant, by mailing it to defendant's last known address, simultaneously by regular and certified mail. R. 6:7-2(g).
More than ten days passed and defendant did not furnish the answers. Plaintiff's counsel applied to the court for the issuance of an arrest warrant. The request was supported by a certification of counsel, R. 6:7-2(g), in the form prescribed in Appendix XI-P. The certification said this about the mailing of the order for arrest:
7. Neither the regular mail nor the certified mail has been returned by the U.S. Postal Service, in a manner that would indicate that the defendant's address is not valid. Neither the regular mail nor certified mail was returned marked "Moved, unable to forward," "addressee not known," "No such number/street," "Insufficient address," "Forwarding time expired," or in any other manner that would indicate that service was not effected.
The request to issue the arrest warrant was considered by a different Special Civil Part judge than the one who issued the order for arrest. The judge denied the request, endorsing on the denial order, "Insufficient Service, See New Century v. Reed, 331 N.J.S. 128 (LD 2000)." Plaintiff filed this appeal, after which the judge issued an amplification of the reasons for his decision. R. 2:5-1(b). Following the rationale of New Century Financial Services, Inc. v. Reed, 331 N.J.Super. 128, 751 A.2d 161 (Law Div.2000), the judge noted that although counsel's certification stated that the return receipt card from the certified mailing of the information subpoena had been signed and returned to counsel, neither the original nor a copy of the return receipt card was attached to plaintiff's *182 moving papers. The judge thus concluded that it was not established whether the signature was by defendant or someone authorized to accept mail on his behalf. The judge further noted that even if actual personal receipt by defendant of the information subpoena were established, the proof of service regarding the order for arrest merely established it was sent by regular and certified mail to defendant's last known address and had not been returned by the postal authorities "in a manner that would indicate that defendant's address is not valid ... or in any other manner that would indicate that service was not effected." Relying on Reed, the judge determined that before a civil arrest warrant could be issued "proof must be presented to the court that the person was personally served with or had actual knowledge of the subpoena or order alleged to have been violated." Id. at 133, 751 A.2d 161.
In Reed, the Law Division judge denied the creditor's motion to enforce litigant's rights in which an order for arrest was sought for failure of the debtor to answer an information subpoena. The information subpoena was served by simultaneous regular and certified mail. The regular mail was not returned, but the certified mail was returned marked "refused by addressee." Id. at 130, 751 A.2d 161. Recognizing that the proposed order for arrest provided that a warrant for the debtor's arrest "shall" be issued without further notice if the debtor failed to comply, the judge concluded the mailed notice did not satisfy due process, which could only be satisfied, as a prerequisite to a civil arrest, by proof of personal service or actual knowledge. Id. at 132, 751 A.2d 161.

II
We initially note that the concern expressed by the trial judge regarding the failure to attach to the proof of service the return receipt card associated with service of the information subpoena is not grounded in the court rules. Rule 1:5-3 expressly provides that "[w]here service has been made by registered or certified mail, filing of the return receipt card with the court shall not be required." The prior practice and rule requiring such filing was eliminated in 1990 and replaced with a requirement that the certification of service attest that the mailing was sent to the person's last known address. Pressler, Current N.J. Court Rules, comment on R. 1:5-3 (2004). The current rule was "further implemented by an administrative directive dated July 23, 2001 affirming the authority of the trial court to enter post judgment orders without production of the return receipt card unless a specific reason therefor appears." Ibid. The directive, which carries the same force as a court rule, In re Niles, 176 N.J. 282, 298, 823 A.2d 1 (2003), specifically includes applications for arrest warrants.[1]
*183 The court rules are binding on the bench and bar. The rules are designed to establish a uniform statewide practice in a unified state court system. See Pressler, supra, comment on R. 1:1-1. The rules "shall be construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." R. 1:1-2.
Plaintiff dutifully complied with the provisions of Rule 6:7-2, which are clear and unambiguous. Rule 1:5-2 permits service by certified mail, or, if the party refuses to claim or accept delivery, by ordinary mail to the party's last known address. The rule authorizes the two modes of mailed service to be made simultaneously. Rule 1:5-3 prescribes the proof of service requirements, which we have previously discussed. Rule 1:5-4(a) provides that if the addressee "fails or refuses to claim or to accept" delivery of the certified mail, the simultaneous ordinary mailing shall be deemed to constitute service.
Any possible ambiguity in the proof of service provision of Rule 1:5-3, in light of the related provisions of Rule 1:5-2 and 1:5-4(a), was resolved by the Supreme Court in First Resolution Inv. Corp. v. Seker, 171 N.J. 502, 795 A.2d 868 (2002). Rule 1:5-3 requires only that a proof of service certification "state that the mailing was to the last known address of the person served," and, where certified mail was utilized, it does not require attachment of the return receipt card. No further proof is required by rule. Seker, supra, 171 N.J. at 511, 795 A.2d 868. The Court held that although the related rules could result in interpreting Rule 1:5-3 to require proof of the results of the certified mailing, such a reading would run counter to the objectives of the rule and was rejected. Id. at 513, 795 A.2d 868.
In Seker, the Court approved the rationale and holding in our decision in Morristown Memorial Hospital v. Caldwell, 340 N.J.Super. 562, 775 A.2d 34 (App.Div. 2001). Seker, supra, 171 N.J. at 506, 795 A.2d 868. The Court summarized our reasoning in Caldwell:
The Caldwell panel determined that when service of the turnover motion has been made simultaneously by certified and ordinary mail at the debtor['s] last known address, the [creditor's] application should be granted so long as either mailing was not returned for the reasons stated in Rule 6:2-3(d)(4). Id. at 564, 775 A.2d 34. That rule governs service of process in the Special Civil Part, stating, in relevant part, that simultaneous mailing of certified and regular mail shall constitute effective service unless the mail is returned to the court by the postal service marked `moved, unable to forward,' `addressee not known,' `no such number/street,' `insufficient address,'... or the court has other reason to believe that service was not effected. R. 6:2-3(d)(4).
In reaching that conclusion, the Appellate Division explicitly disagreed with [Morristown Memorial Hospital v.] Tureo [329 N.J.Super 154 (200)]. Caldwell, supra, 340 N.J.Super. at 564, 775 A.2d 34. The panel stated that Tureo's requirement of supplemental proof that a certified mailing was refused or not accepted before granting an application for post-judgment execution unnecessarily delayed post-judgment collection proceedings by imposing a requirement not warranted by the rules or due process. *184 Ibid. The Caldwell court noted that requiring such supplemental proof runs contrary to the Rule 1:6-3(c) presumption that service by ordinary mail is completed on the third business day after mailing. Id. at 568, 775 A.2d 34.
[Seker, supra, 171 N.J. at 510, 795 A.2d 868.]
The proof of service supporting plaintiff's application for an arrest warrant complies with these principles. It attests that the order for arrest was sent to defendant at his last known address simultaneously by regular and certified mail, and that neither was returned marked "`Moved, unable to forward,' `addressee not known,' `No such number/street,' `Insufficient address,' `Forwarding time expired,' or in any other manner that would indicate that service was not effected."
It might therefore appear that our analysis is complete and that Seker and Caldwell control the outcome of this case. However, Seker involved an application for a wage execution and Caldwell involved a motion for turnover of funds in a bank account. The debtors in those cases were being deprived of property. In both cases it was determined that due process concerns were satisfied. See Seker, supra, 171 N.J. at 514, 795 A.2d 868 ("In short, we find nothing in the procedure followed by plaintiff, or in the language of the rules as interpreted by Caldwell, that violates the basic requirements of due process.")
But an error with respect to property is amenable to "correction" by restoring the property to the debtor. This case involves an arrest, a deprivation of liberty. A mistake here is irremedial. Our analysis must therefore continue to enable us to determine whether the scheme prescribed by the rules for the issuance of an arrest warrant in this context satisfies due process.

III
Needless to say, an arrest constitutes a deprivation by the state of a person's liberty and cannot be constitutionally effected without satisfying due process. The requirement is met only if the arrest is preceded by "notice and opportunity for hearing appropriate to the nature of the case." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 656-57, 94 L.Ed. 865, 873 (1950). The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id. at 314, 70 S.Ct. at 657, 94 L.Ed. at 873. The issue here is whether service by mail to defendant's last known address, with no indication by the postal authorities that defendant did not live there or that the mail was not delivered, but without proof that defendant actually received it or had actual knowledge of it, is sufficient.
"[T]he mails today are recognized as an efficient and inexpensive means of communication." Mullane, supra, at 319, 70 S.Ct. at 660, 94 L.Ed. at 876. The reliability of mail as a method of service has gained recognition by our Supreme Court in the development of our court rules. Caldwell, supra, 340 N.J.Super. at 570, 775 A.2d 34. Plaintiff has sent three mailings to defendant, each consisting of simultaneous regular and certified mail, to his last known address: (1) the information subpoena, (2) the motion to enforce litigant's rights, and (3) the order for arrest. None of the regular mailings were returned undelivered. On the first, the information subpoena, the certified mail was accepted and signed for.
It is the final mailing, the order for arrest, for which the trial judge found the proof of service deficient. That finding *185 was the basis for the order under review, which denied the application to issue an arrest warrant. Although the results of the certified mail of that final mailing were not specifically reported, it was certified, as required by Seker and Caldwell, that it was not returned for any of the reasons stated in Rule 6:2-3(d)(4). Like the courts in Seker and Caldwell, we respect the presumption of Rule 1:6-3(c) that ordinary mailings were received, thus effecting service. The presumption is bolstered in this case by the additional information provided regarding the first and third certified mailings.
But delivery of mail to defendant's last known address does not guarantee that defendant actually received the mailings or had actual notice of them. In recognition of this possibility, the rules include a critical safeguard: "If the notice of motion and order for arrest were served on the judgment-debtor by mail, the warrant may be executed only at the address to which they were sent." R. 6:7-2(g) (emphasis added). The warrant must contain that limiting provision, ibid.; Appendix XI-Q, thus informing the court officer directed to serve the warrant of the restriction. The proposed arrest warrant submitted by plaintiff contained the limitation. This is nearly a failsafe provision. If defendant does not live at the address, it is practically certain he will not be arrested. We say "nearly" failsafe and "practically certain" because it is possible to conjure up scenarios in which a debtor did not live at the address when the mail was delivered, but is there when the arrest warrant is executed. Perhaps he was just visiting that day. Such unlikely possibilities do not defeat the due process requirement that the means devised to provide notice are "reasonably calculated" to accomplish it. We likewise conclude that any possibility that a debtor did not receive or become aware of notices delivered to the residence in which he or she does live does not defeat the "reasonably calculated" requirement.
The rule providing for execution of the arrest warrant contains additional important safeguards. It may be executed only between 7:30 a.m. and 3:00 p.m. on days when court is in session; the debtor must be brought directly before a Superior Court judge; the debtor shall be furnished with a blank form of the questions on the information subpoena; and upon answering the questions, the debtor shall be immediately released. R. 6:7-2(g). Thus the deprivation of liberty will be minimal in duration and limited in scope. The debtor will not be placed in a holding cell or jail. He or she will not be "processed" as are traditional arrestees by fingerprinting, photographing and the like. Upon answering the questions, the person may leave. Although this is an arrest, and indeed a temporary deprivation of liberty, it is designed to be a minimally intrusive means of compelling compliance with court orders.
Answering the questions on the information subpoena is a simple matter. Before being subject to arrest, a debtor is given three chances, by means we have determined to be effective, to answer them. The notices adequately inform the debtor of the potential consequences of failure to comply. The debtor is given an opportunity to appear in court and explain to a judge why compliance should not be required. The debtor is informed of the right to seek vacation of a default judgment and is urged to seek the advice of counsel.
Balancing the rights of creditors to have their judgments satisfied efficiently, without undue delay or cost, New Brunswick Sav. Bank v. Markouski, 123 N.J. 402, 587 A.2d 1265 (1991), against the minimal intrusion on a debtor's liberty only after multiple notices and opportunities to avoid the intrusion and subject to the safeguards *186 we have discussed, we are convinced due process is satisfied.[2]
There was no basis to refuse to issue the arrest warrant. We are mindful that Rule 6:7-2(g) provides that the court "may" issue an arrest warrant upon submission of the required proofs. This allows for judicial discretion to refuse issuance in appropriate circumstances. The reason for rejection here was that proof of service was insufficient because of a lack of proof that defendant was personally served with or had actual notice of the order for arrest. This is not legally required. Because the judge's decision was made under a misconception of the applicable law, it did not constitute an appropriate exercise of discretion and we need not defer to it. State v. Steele, 92 N.J.Super. 498, 507, 224 A.2d 132 (App.Div.1966); Kavanaugh v. Quigley, 63 N.J.Super. 153, 158, 164 A.2d 179 (App.Div.1960).
Neither the trial court here nor the court in Reed considered the special safeguards incorporated in Rule 6:7-2(g) applicable to arrest warrants, which provide appropriate and adequate protections to debtors whose liberty interests are at stake, beyond the protections provided to those debtors facing only the loss of a property interest. Reed is overruled.
Reversed.
NOTES
[1] In its entirety, Directive # 13-01, addressed to assignment judges, civil presiding judges and Special Civil Part supervising judges, states:

Under the provisions of Rule 1:5-3, judges should not routinely require attorneys or pro se litigants to produce all certified mail receipts (green cards) as part of the proof of service of applications for wage executions, motions to turnover funds, motions to enforce litigant's rights, and/or applications for arrest warrants. Please bring this reminder to the attention of any judge in your vicinage to whom these kinds of post-judgment matters are assigned.
The need for this reminder was identified by both the Supreme Court Civil Practice Committee and the Supreme Court Special Civil Part Practice Committee in their respective 1998-2000 Reports, and endorsed by the Committee of Special Civil Part Supervising Judges and the Conference of Civil Presiding Judges. This Directive reiterates the substance of Directive # 11-80 ("Proof of ServiceWage Executions," issued on August 11, 1981) and thus supersedes that earlier Directive. Thank you.
[Emphasis added.]
[2] We note that Appendix XI-P, the form of certification in support of application for arrest warrant, paragraph 3, requires the certifier to report on the results of the mailings of the information subpoena. Paragraph 5 states that an order for arrest was entered by the court because the defendant failed to appear in court on the return date of the motion to enforce litigant's rights. The form contains no recitation of the date on which the motion to enforce litigant's rights was filed, the manner in which it was served and, if served by mail, a report on the results of the mailings. Although we do not find a constitutional infirmity as a result of this omission, we recognize that inclusion in the paragraph on the motion to enforce litigant's rights of provisions paralleling those in paragraph 3 would provide an even more detailed history of the proceedings and an additional safeguard in the process. We refer the matter to the Supreme Court Special Civil Part Practice Committee for its consideration.