970 A.2d 1051 (2009)
407 N.J. Super. 247
NJ CURE, Plaintiff-Respondent,
v.
The ESTATE OF Robert HAMILTON, Defendant, and
Albert DeNeve, M.D., Defendant-Appellant.
No. A-0964-08T3
Superior Court of New Jersey, Appellate Division.
Argued March 25, 2009.
Decided May 11, 2009.
Glenn W. Banks, Mahwah, argued the cause for appellant (Tuttle & Zisgen, attorneys; Mr. Banks, of counsel and on the briefs).
Paul I. Konopka, argued the cause for respondent (Melli, Guerin & Wall, P.C., attorneys; Kenneth L. O'Donnel, Jr., Paramus, of counsel; Cheryl A. Binosa, on the brief).
Before Judges PAYNE,[1] WAUGH and NEWMAN.
The opinion of the court was delivered by
WAUGH, J.A.D.
Appellant Albert DeNeve, M.D., appeals from an order sanctioning him for repeated failure to produce copies of the *1052 medical records of his patient, Robert Hamilton, in connection with a Personal Injury Protection (PIP) arbitration. Although we are of the opinion that DeNeve should have acted much earlier in supplying the records and opposing the enforcement motions brought by plaintiff NJ Cure, it is clear that the trial court never had personal jurisdiction over DeNeve in this matter. Consequently, we must reverse and vacate the order.

I
We glean the following facts from the record. In a PIP arbitration proceeding between NJ Cure and the now deceased Robert Hamilton, NJ Cure sent a letter dated March 14, 2007, to DeNeve, enclosing a subpoena duces tecum and deposition notice, seeking production of his medical records with respect to Hamilton. We note that DeNeve was apparently not the medical provider whose bills were the subject of the PIP arbitration. On April 25, 2007, NJ Cure mailed another letter to DeNeve, again enclosing a subpoena and deposition notice. Both of those letters, although mailed to DeNeve, purported to "serve" him with the subpoenas. However, DeNeve was never personally served with the subpoenas as required by Rule 1:9-3. See also R. 4:14-7(a).
Having not received the medical records sought by the mailed subpoenas, NJ Cure filed a verified complaint in the Law Division, naming DeNeve and the Estate of Robert Hamilton as defendants in the action. The Estate was subsequently dismissed voluntarily by NJ Cure. NJ Cure also requested an order to show cause (OTSC), which was duly issued on September 13, 2007, and made returnable on October 15, 2007. As drafted by NJ Cure, the OTSC authorized service of the order and verified complaint by mail "upon the Defendants' counsel." Although the Estate had counsel, DeNeve was unrepresented at the time. As far as we can discern from the record, NJ Cure had no basis to believe that DeNeve was represented and never identified any such attorney.
The OTSC and related papers were served directly on DeNeve by mail, rather than on his "counsel," as authorized by the OTSC, or by personal service, as required by Rule 4:4-4. DeNeve did not appear in court on October 15. The record does not contain a proof of service of the OTSC, so we cannot ascertain what representations were made to the trial judge in that regard. The trial judge nevertheless issued an order directing DeNeve to provide a copy of Hamilton's medical file to NJ Cure.
When the records were not produced, NJ Cure moved to enforce litigant's rights, R. 1:10-3, seeking an award of counsel fees and sanctions against DeNeve. It also sought a provision allowing it to seek an arrest warrant if DeNeve continued to disobey the court's orders.
On February 28, 2008, the trial judge entered the requested order, awarding $2,592 in counsel fees to NJ Cure, imposing a $1,000 sanction against DeNeve, and allowing NJ Cure to seek DeNeve's commitment to the Bergen County Jail if he failed to produce Hamilton's medical records.
On April 7, 2008, a copy of a proposed arrest warrant was faxed to DeNeve. On April 8, during a telephone conversation with his attorney on another matter, DeNeve mentioned the proposed warrant. Counsel went to DeNeve's office to examine the fax. Shortly thereafter, copies of all of Hamilton's medical records were sent to NJ Cure. Consequently, no arrest warrant was issued.
Following an unsuccessful attempt to resolve the remaining sanctions, DeNeve moved to set aside the award of counsel fees and the $1,000 sanction. NJ Cure *1053 cross-moved to enforce them. The trial judge denied DeNeve's motion and granted NJ Cure's cross-motion. This appeal followed.

II
The service of document subpoenas by mail may be an effective way of conducting discovery when all involved are willing to cooperate. See, e.g., R. 4:4-4(c) (permitting optional mail service of a summons and complaint, and providing for the acquisition of personal jurisdiction only if the defendant so served answers or otherwise appears). Mail service is not an effective manner of serving a subpoena on an unwilling non-party under the New Jersey Rules of Court, which are applicable in alternative dispute resolution procedures. N.J.S.A. 2A:23A-10(a).
Rule 1:9-3 provides quite clearly that "[s]ervice of a subpoena shall be made by delivering a copy thereof to the person named together with tender of the fee allowed by law." This is not a case, like New Century Financial Services v. Nason, 367 N.J.Super. 17, 842 A.2d 179 (App. Div.2004), in which we upheld the service by mail of a post-judgment information subpoena on a pro se party, over whom the court had already obtained jurisdiction.
Once DeNeve failed to honor the mailed subpoena, all NJ Cure had to do to enforce its clear and undoubted right to obtain the documents was serve another subpoena on him personally, as required by Rule 1:9-3. It would then have been in an appropriate position to enforce the validly served subpoena. For some reason, it failed to do so and continued to make service by mail.
When NJ Cure brought its OTSC to compel compliance, it again relied solely on mail service, despite the fact that, pursuant to Rule 4:4-4(a), "[t]he primary method of obtaining in personam jurisdiction over a defendant in this State is by causing the summons and complaint to be personally served within this State pursuant to R. 4:4-3."
It is true, as NJ Cure points out, that the trial judge authorized mail service in the order to show cause "as original process." See R. 4:67-3 (providing for personal service in a summary action unless the court directs "some other manner of service"). However, the form of order prepared by NJ Cure and signed by the judge only provides for mail service "on Defendants' counsel" and not on DeNeve directly. Having indirectly, and inaccurately, represented to the court that DeNeve had counsel, NJ Cure did not even purport to serve him through counsel, but instead served him by mail at his office. That method of service was not authorized by the OTSC.
Because the trial court had no personal jurisdiction over DeNeve in the first place, the order was not subject to enforcement pursuant to Rule 1:10-3. See State v. Roberts, 212 N.J.Super. 476, 480-81, 515 A.2d 799 (App.Div.1986), stating:
The general rule is firmly established that a court does not possess the right or power to punish for contempt in disregard or in violation of its order which was entered without jurisdiction over the subject matter or the parties or without power or authority to enter the particular order. Annotation, "Right to punish for contempt for failure to obey court order or decree either beyond power or jurisdiction of court or merely erroneous," 12 A.L.R.2d 1059, § 3 at 1067 (1950).
Roberts discussed at length the difference between criminal enforcement of an invalid order, which may be permissible, and civil enforcement, which is not, when there is a jurisdictional defect with respect to the parties or the subject matter. Id. at 481, *1054 515 A.2d 799 ("A distinction must be made between `criminal' contempt, which is a proceeding to maintain the dignity of the court, and a `civil' contempt, which is a proceeding merely to compensate the plaintiff for damage suffered by way of defendant's violation or disregard of the order.").

III
Consequently, we conclude that NJ Cure did not properly serve the document subpoenas and the OTSC seeking to enforce them. Because the order on appeal is clearly an exercise of the trial court's civil contempt power, pursuant to Rule 1:10-3, the order enforcing litigant's rights must be reversed and vacated because the court never had personal jurisdiction over DeNeve.
Our decision should not be understood as condoning DeNeve's continuing failure to supply NJ Cure with copies of Hamilton's medical records, which he was clearly required to do by both N.J.S.A. 39:6A-13(b) and N.J.A.C. 13:35-6.5(c), or his discourtesy to the court in ignoring its orders. However, NJ Cure's failure to follow the service requirements of the Rules of Court precludes our upholding the trial court's order.
Reversed and vacated.
NOTES
[1] Judge Payne did not participate in oral argument. However, the parties consented to her participation in the decision.