**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2937-17T3

NATIONSTAR MORTGAGE
LLC,

     Plaintiff-Respondent,

v.

WILLIAM DIMINNO and
GAYLYNN DIMINNO, his
wife,

     Defendants-Appellants.

_____

Submitted May 20, 2019 – Decided June 4, 2019

Before Judges Mitterhoff and Susswein.

On appeal from Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-010544-16.

Michael J. Muller, attorney for appellant.

Stern, Lavinthal & Frankenberg, LLC, attorneys for respondent (Mark S. Winter, of counsel and on the brief).

PER CURIAM

In this residential foreclosure action, defendants William DiMinno and Gaylynn DiMinno appeal from the trial court's order striking their answer and from a final judgment of foreclosure. We affirm.

Defendants do not dispute that they were in default on the subject mortgage or that the mortgage was properly assigned to the plaintiff Nationstar Mortgage LLC. Instead, defendants contend that the parties entered into a loan modification agreement and that plaintiff has failed to abide by the terms of the agreement. Defendants argue that the foreclosure complaint should be dismissed under the doctrine of unclean hands and that the loan modification agreement should be enforced.

On December 20, 2013, plaintiff offered a trial period plan for a mortgage modification with an interest rate of 4.625%, but defendants did not accept this offer. On August 20, 2014, plaintiff offered another modification with an interest rate of 4.625%. The cover letter for that proposal required that defendants sign and return the loan modification agreement by August 30, 2014 and timely make all of the remaining trial period payments in order to accept the offer. Defendants did not return a signed modification agreement by August 30, 2014. Accordingly, on September 15, 2014, plaintiff sent correspondence to defendants, stating in pertinent part: "We still have not received your signed

2

and notarized modification agreements. . . . It's essential that you return the original documents to us by September 30, 2014 so we can lock in your new payment rate." After still not receiving a signed modification agreement from defendants, plaintiff provided notice on November 5, 2014 that defendants were declined for loss mitigation, explaining:

> We have withdrawn your request for a modification for one of the following reasons:
> - After being offered a trial period plan or modification agreement you either did not make the first payment in your trial plan or did not return the final modification timely, or;
> - After initially asking to be considered for a modification you withdrew that request.

On July 16, 2015, defendants transmitted $23,005.10 to plaintiff and sent plaintiff an executed copy of the August 2014 loan modification agreement. Defendants purported to be accepting the terms of the August 2014 loan modification agreement. Plaintiff, considering that the August 2014 loan modification offer had expired and been rescinded, did not execute the copy of the August 2014 modification agreement. Instead, on August 11, 2015, plaintiff offered defendants another loan modification agreement with an interest rate of 6.375%, which was required to be signed and returned by August 21, 2015. Defendants notified plaintiff on Decembers 16, 2015 that it did not accept the terms of the August 2015 loan modification agreement. Plaintiff in turn notified

3

defendants on December 17, 2015 that it was not accepting defendants' proposed modification agreement.

On April 14, 2016, plaintiff filed a foreclosure complaint. Defendant filed an answer raising unclean hands as an affirmative defense and asserting a counterclaim seeking to enforce the 2014 loan modification agreement.[1] Plaintiff filed a motion for summary judgment and to strike defendants' answer and counterclaim. Defendants opposed the motion and filed a cross-motion to dismiss plaintiff's complaint.

After hearing oral argument, Judge Edward A. Jerejian granted plaintiff's motion to strike defendants' answer and counterclaim. In a written decision, Judge Jerejian rejected defendants' argument that the August 2014 loan agreement should be enforced. The judge found that defendants had failed to establish the defense of unclean hands and that the issues surrounding the loan modification were due to defendants' failure to return the loan modification agreement in a timely manner. The judge also noted that defendants remained in default on the mortgage throughout the pendency of this litigation and did not

---

[1] Specifically, the counterclaim alleged that plaintiff breached its contractual agreement by failing to execute the August 2014 loan modification agreement, violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 to -20, and failed to comply with the notice requirements of the New Jersey Fair Foreclosure Act, N.J.S.A. 2A:50-53 to -68.

place into escrow the payments required by the August 2014 modification agreement. For these reasons, Judge Jerejian entered an order striking defendants' answer on May 30, 2017. On August 17, 2017, the trial court entered a final judgment of foreclosure.

On appeal, defendants raise the following points for our review:

> POINT I
>
> THE TRIAL COURT ERRED BY ENTERING SUMMARY JUDGMENT IN FAVOR OF THE PLAINTIFF NOTWITHSTANDING DEFENDANTS' PROOFS: (A) THAT THE PLAINTIFF HAD AGREED TO MODIFY DEFENDANTS' MORTGAGE; (B) THAT THE DEFENDANTS PAID A SUBSTANTIAL SUM OF MONEY TO THE PLAINTIFF IN RELIANCE UPON THE AGREEMENT BETWEEN THE PARTIES; AND (C) THAT THE PLAINTIFF FAILED TO HONOR ITS OBLIGATIONS UNDER THE AGREEMENT. THE COURT'S FAILURE TO ENFORCE THE AGREEMENT BETWEEN THE PARTIES IN THIS CASE, OR TO EVEN CONDUCT A PLENARY HEARING AS TO WHETHER THERE WAS IN FACT AN AGREEMENT BETWEEN THE PARTIES, IS REVERSIBLE ERROR.
>
> POINT II
>
> THE PLAINTIFF FAILED TO SERVE A NOTICE OF INTENT TO FORECLOSE, REQUIRING DISMISSAL OF THE COMPLAINT AND VACATION OF THE FINAL JUDGMENT.

A-2937-17T3

Having reviewed the record in light of the contentions advanced on appeal, we find no merit in defendants' arguments and affirm for substantially the sound reasons in Judge Jerejian's written opinion. We add only the following comments.

We agree with Judge Jerejian that defendants produced no competent evidence supporting that they timely accepted the August 2014 loan modification agreement before the offer was rescinded by plaintiff. In this regard, Judge Jerejian correctly declined to listen to an audio recording of a June 2015 conversation between the parties in which, according to defendants, plaintiff's representative confirmed that it had accepted the terms of the August 2014 loan modification agreement. The applicable statue of frauds requires that a loan modification be in writing, so any alleged oral agreement is of no moment. See National Com. Bank of New Jersey v. G.T.L. Indus., 276 N.J. Super. 1, 4 (App. Div. 1994) (citing N.J.S.A. 25:1-5(f) and (g)). In sum, plaintiff's refusal to sign the August 2014 loan modification agreement that defendants returned eleven months after it had been proposed does not constitute a misrepresentation or otherwise demonstrate unclean hands.

Turning to defendants' contention that plaintiff failed to comply with the notice requirements of the New Jersey Fair Foreclosure Act ("FFA"), N.J.S.A.

2A:50-53 to -68,[2] we find that plaintiff submitted sufficient unrebutted proofs to establish compliance with the FFA's requirements. The FAA requires that a residential mortgage lender serve a notice of intention to file foreclosure proceedings ("NOI") at least thirty days prior to commencing suit. N.J.S.A. 2A:50-56(a). N.J.S.A. 2A:50-56(b) provides:

> Notice of intention to take action as specified in subsection a. of this section shall be in writing, sent to the debtor by registered or certified mail, return receipt requested, at the debtor's last known address, and, if different, to the address of the property which is the subject of the residential mortgage. The notice is deemed to have been effectuated on the date the notice is delivered in person or mailed to the party.

---

[2] We note that defendants did not assert this argument in opposition to the motion for summary judgment and appropriately preserve this argument for appeal. Although defendants earlier asserted the lack of statutory notice in their counterclaim, they failed to litigate the issue after the pleadings stage. See Mancini v. Twp. of Teaneck, 179 N.J. 425, 433 (2004) ("A mere one-time mention of laches in a defendant's answer is insufficient to preserve it through the span of litigation."); Williams v. Bell Tel. Labs. Inc., 132 N.J. 109, 118 (1993) (holding that the defendant "waived the statute-of-limitations defense by its failure to assert that defense at any stage of the proceedings after pleading the statute in its [a]nswer."). Defendants did again raise the notice issue in opposition to plaintiff's application for final judgment, but Rule 4:6-9(b) only permits specific objections to the calculation of the amount due in opposition to an uncontested foreclosure.

A-2937-17T3

In support of its motion for summary judgment, plaintiff's vice president certified that on January 28, 2016, plaintiff mailed defendant an NOI via regular and certified mail with return receipt requested. Plaintiff attached to the certification a copy of a first-class mail label with defendants' correct address. The label indicates: "return receipt requested." In their response to plaintiff's statement of uncontested facts, defendants did not assert that they had not received the NOI. However, when objecting to plaintiff's application for final judgment after the trial court had stricken their answer, defendants certified that they never received the NOI and submitted U.S. Postal Service tracking records indicating that the NOI was still "in transit" as of January 30, 2016. Defendants certified that the "in transit" status is the last notation in the tracking records as of July 31, 2017.

Even if defendants had properly submitted this evidence in opposition to summary judgment, we conclude that it would not rebut plaintiff's proofs that it complied with FFA's requirements by sending the NOI via certified mail with return receipt requested. Indeed, defendants' tracking records indicate that the NOI was sent via certified mail with return receipt requested.[3] The plain

---

[3] The tracking records also do not reflect that NOI was marked as undeliverable or returned to the sender.

A-2937-17T3

language of the FFA does not require that a lender produce a return receipt and prove actual delivery, but provides that "[t]he notice is deemed to have been effectuated on the date the notice is delivered in person or <u>mailed to the party</u>." N.J.S.A. 2A:50-56(b) (emphasis added).[4]    Because plaintiff presented unrebutted proof that it mailed the NOI to defendants' correct address via certified mail with return receipt requested, we find that it established compliance with the FFA's notice requirements.[5]   <u>See</u> <u>EMC Mortg. Corp. v. Chaudhri</u>, 400 N.J. Super. 126, 140 (App. Div. 2008) ("The simultaneous use of certified mail and first class mail satisfies the statutory requirements of N.J.S.A. 2A:50-56.  Nothing more is required.");[6] <u>cf.</u> <u>GE Capital Mortg. Servs., Inc. v.</u>

---

[4]  In general, the Court Rules do not require a sender to provide a return receipt in order to prove service by certified mail. <u>See</u> <u>New Century Fin. Servs., Inc. v. Nason</u>, 367 N.J. Super. 17, 24 (App. Div. 2004) ("<u>Rule</u> 1:5-3 requires only that a proof of service certification "state that the mailing was to the last known address of the person served," and, where certified mail was utilized, it does not require attachment of the return receipt card.  No further proof is required by rule.").

[5]  We also note that defendants were represented by an attorney throughout the litigation and do not contend that they lacked actual notice of the foreclosure action.

[6]  Although in <u>Chaudhri</u> we noted that the plaintiff also presented proof of an unclaimed certified mail notice and that the first class mail was not returned, we mentioned these facts in relation to our finding that the plaintiff "additionally followed the provisions of <u>Rule</u> 4:4-7 by also sending the notice by first class

<u>Weisman</u>, 339 N.J. Super. 590, 592 (Ch. Div. 2000) (finding defective notice where the plaintiff was unable to produce:  "(1) <u>a Postal Service certified mail receipt indicating that plaintiff has sent the NOI via certified mail to defendants</u>; (2) a Postal Service return receipt verifying that the defendants received the NOI; or (3) a certification of mailing signed by the bank employee who mailed the NOI, contemporaneously memorializing that fact." (emphasis added))

To the extent that we have not specifically addressed any arguments raised by defendants, we find they lack sufficient merit to warrant discussion in a written opinion.  <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

mail."   400 N.J. Super. at 140.   <u>Rule</u> 4:4-7 provides that in the case of simultaneous service by certified and regular mail, "an image of the recipient's signature, provided by the U.S. Postal Service, or the unclaimed registered or certified mail shall be filed as part of the proof [of service]."

A-2937-17T3