**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4465-17T3

FRANCIENNA B. GRANT,

    Plaintiff-Appellant,

v.

WILLIAM HUNTLEY
PANICO, D.M.D.,

    Defendant-Respondent.

_____

Submitted September 16, 2019 – Decided October 10, 2019

Before Judges Moynihan and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Docket No. L-0247-17.

Francienna B. Grant, appellant pro se.

Naulty Scaricamazza & Mc Devitt LLC, attorneys for respondent (Charles B. Austermuhl, on the brief).

PER CURIAM

    Plaintiff Francienna Grant appeals pro se from the trial court's January 31,

2018 order dismissing her complaint against defendant William Panico, D.M.D.

without prejudice, pursuant to <u>Rule</u> 4:37-2(a). The trial court's dismissal arose from plaintiff's failure to comply with its prior order of September 13, 2017, which required plaintiff to file a complaint comporting with <u>Rule</u> 1:4 and <u>Rule</u> 4:5-1, and to serve the complaint on defendant in accordance with <u>Rule</u> 4:4-4(a). Plaintiff also appeals the trial court's April 27, 2018 order denying her motion to vacate the January 31, 2018 order and reinstate her complaint. Having reviewed the record in light of the governing legal principles, we affirm.

I.

We discern the following facts from the record. On May 9, 2017, plaintiff filed a complaint against defendant with the New Jersey State Board of Dentistry. On June 2, 2017, plaintiff filed a complaint in the Superior Court against defendant for dental malpractice and breach of contract. Plaintiff's complaint alleged that defendant installed a faulty crown on her tooth and failed to fix the faulty crown, necessitating a dental implant for that tooth.

On June 19, 2017, defendant received a certified mail envelope from plaintiff containing a Superior Court summons, a track assignment notice, and documents concerning the dental board complaint. Plaintiff submitted certified mail receipts and tracking information evincing defendant's receipt on that date.

On July 21, 2017, defendant filed a motion for a more definite statement pursuant to Rule 4:6-4(a), which plaintiff opposed. On September 13, 2017, the trial court issued an order and written decision granting defendant's motion. The trial court found that plaintiff was improperly attempting to proffer the dental board complaint as a Superior Court complaint and therefore failed to adhere to Rule 1:4. In addition, the trial court found that plaintiff's serving defendant by certified mail was impermissible, stating that plaintiff must personally serve defendant with a copy of the complaint under Rule 4:4-4(a). The court ordered plaintiff to file a complaint that comported with Rule 1:4 and Rule 4:5-1 within ten days of the date of the order and to serve the complaint on defendant in accordance with Rule 4:4-4(a) within fourteen days of the date of the order.

Defendant's attorney certified that he sent the September 13, 2017 order and written opinion to plaintiff via certified mail, return receipt requested, and first class mail. Defendant's attorney certified that the certified mail copy of the order and opinion was returned as unclaimed, but the first class mail was not returned.

On October 24, 2017, defendant filed a motion to dismiss plaintiff's action, pursuant to Rule 4:37-2(a), for plaintiff's failure to comply with the September 13, 2017 order. Defendant certified that the notice of motion and all

A-4465-17T3

accompanying documents were mailed to plaintiff by certified mail, return receipt requested, and first class mail. According to plaintiff, on October 26, 2017 and December 14, 2017, she attempted to file a motion for the entry of default against defendant. Plaintiff avers that she was unaware of the court's September 13, 2017 order or defendant's October 24, 2017 motion until the clerk advised her of these filings on December 14, 2017. Nonetheless, on December 19, 2017, plaintiff filed an opposition to defendant's motion to dismiss her complaint.

On January 31, 2018, the trial court issued an order and written opinion finding that plaintiff had failed to file and serve the complaint as required by the court's order of September 13, 2017. The court therefore granted defendant's motion and dismissed the complaint without prejudice for plaintiff's failure to comply with the prior order.

On February 21, 2018, plaintiff filed a motion to vacate the January 31, 2018 order and reinstate her complaint. On April 27, 2018, the trial court issued an order and written opinion denying plaintiff's motion because she still had presented no proof that she complied with the previous order and served defendant with a complaint in the manner contemplated by the court rules.

A-4465-17T3

This appeal ensued. [1] [2]

On appeal, the arguments set forth in plaintiff's point headings are largely unintelligible. However, after reviewing plaintiff's appellate brief, we may summarize her overarching arguments. Plaintiff argues that the trial court erred by ruling that defendant was entitled to a more definite statement of her allegations under Rule 4:6-4(a). Plaintiff also contends that the trial court erred in dismissing her complaint without prejudice for failing to comply with the September 13, 2017 order under Rule 4:37-2(a). Further, plaintiff asserts that the trial court erred in denying her motion to vacate the January 31, 2018 order that dismissed her complaint without prejudice. Finally, plaintiff avers that the trial court's actions denied her due process.

We address each of these issues in turn.

---

[1] At the outset, we question whether this matter is properly before us, as the orders under review are indisputably interlocutory, and plaintiff did not seek leave of court to file an interlocutory appeal. See R. 2:2-3(a)(1); see also Grow Co. v. Chokshi, 403 N.J. Super. 443, 457-61 (App. Div. 2008). However, in lieu of dismissing the appeal as interlocutory, we will address the issues raised in an effort to avoid duplicative appeals in the future.

[2] On March 6, 2019, this court denied plaintiff's motion to supplement the record with materials from one of her other appeals. Grant v. Ybanez, No. A-0911-17 (App. Div. March 28, 2019).

This appeal implicates the interpretation of several court rules. This court reviews the trial court's interpretation of court rules de novo. See Washington Commons, LLC v. City of Jersey City, 416 N.J. Super. 555, 560 (App. Div. 2010) (citation omitted).

Plaintiff argues that the trial court erroneously required her to both provide a more definite statement of her Superior Court complaint and to draft this complaint in lieu of relying on her dental board complaint.

Rule 4:6-4(a) provides, in pertinent part, "[i]f a responsive pleading is to be made to a pleading which is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

We agree with the trial court that defendant was entitled to a more definite statement of the allegations contained in plaintiff's complaint. We find that plaintiff's attempt to pass off her dental board complaint as a complaint in a civil action was insufficient under Rule 4:2-2 and that the complaint was not formatted as required by Rule 1:4-1 to -10. Further, plaintiff's complaint did not confer personal jurisdiction over defendant, as plaintiff failed to provide any evidence showing that she served defendant with a copy of a complaint in

6

accordance with Rule 4:4-3.  See R. 4:4-4(a).  Thus, we find that the trial court did not err in granting defendant's Rule 4:6-4(a) motion and requiring plaintiff to personally serve defendant with a complaint that conforms to the court rules.

Plaintiff contends that the trial court improperly dismissed her complaint for failure to comply with its September 13, 2017 order, which directed her to serve defendant with a rule-conforming complaint in accordance with Rule 4:4-4(a).

Rule 4:37-2(a) provides in pertinent part, "[f]or failure of the plaintiff . . . to comply with . . . any order of court, the court in its discretion may on defendant's motion dismiss an action or any claim against the defendant." E.g., Kohn's Bakery, Inc. v. Terracciano, 147 N.J. Super. 582, 584-85 (App. Div. 1977).

We conclude that the trial court properly dismissed plaintiff's complaint without prejudice.  After the trial court ordered plaintiff to file and personally serve defendant with a conforming complaint, plaintiff failed to comply and instead filed an opposition to defendant's motion to dismiss on December 19, 2017.  Plaintiff never provided proof of proper service of her complaint, as directed by the September 13, 2017 order.  Accordingly, the trial court was permitted to dismiss plaintiff's complaint under Rule 4:37-2(a)

Plaintiff contends that the trial court erred in denying her motion to vacate the January 31, 2018 order and reinstate her complaint. We note that while the trial court addressed plaintiff's motion to vacate default by finding that plaintiff failed to comply with its September 13, 2017 order, plaintiff's motion to vacate the dismissal of her complaint was impermissible at the outset, as dismissals without prejudice do not adjudicate the merits of a dispute and are not "final judgments" within the scope of Rule 4:50-1. See Johnson v. Cyklop Strapping Corp., 220 N.J. Super. 250, 262-63 (App. Div. 1987) (limiting Rule 4:50-1 to final judgments). Accordingly, we find that plaintiff's motion to vacate default was improper, and we affirm the trial court's denial of her motion.

Plaintiff argues that the trial court denied her due process by entering ex parte orders, forcing her to write a complaint based on the dental board documents, and denying her requests for relief. We find plaintiff's arguments to be unpersuasive.

Plaintiff's primary contention regarding improper ex parte orders appears to be that she was not served with the September 13, 2017 order and was unaware of that order and defendant's motion to dismiss until she went to the

courthouse and received documents from the clerk.[3]  Rule 1:5-2 permits service of an order on a party via certified mail, return receipt requested, and simultaneous ordinary mail.  R.  1:5-2 ("Service upon a party of such papers shall be made as provided in R. 4:4-4 or by registered or certified mail, return receipt requested, and simultaneously by ordinary mail to the party's last known address."); see also New Century Fin. Servs., Inc. v. Nason, 367 N.J. Super. 17, 24 (App. Div. 2004) ("Rule 1:5-3 requires only that a proof of service certification 'state that the mailing was to the last known address of the person served,' and, where certified mail was utilized, it does not require attachment of the return receipt card.").

Here, defendant's attorney certified that he sent both the September 13, 2017 order and motion to dismiss to plaintiff via certified mail, return receipt requested, and first class mail.  Thus, defendant complied with Rule 1:5-2 in serving plaintiff, and she thus received all process due her under the court rules.

To the extent we have not specifically addressed any remaining arguments raised by the parties, we conclude they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

---

[3]  Plaintiff may also be challenging that the trial court decided the motions without oral argument, but plaintiff did not request oral argument in her motion papers as required by Rule 1:6-2(d).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-4465-17T3