NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5249-13T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

SAYVON LAWS, a/k/a
KAYVON LAWS,

 Defendant-Appellant.

______________________________

 Submitted May 11, 2016 – Decided June 8, 2017

 Before Judges Kennedy and Gilson.

 On appeal from Superior Court of New Jersey,
 Law Division, Monmouth County, Indictment
 Nos. 13-01-0182 and 13-04-0640.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Brian Plunkett, Assistant
 Deputy Public Defender, of counsel and on
 the brief).

 Robert Lougy, Acting Attorney General,
 attorney for respondent (Frank Muroski,
 Deputy Attorney General, of counsel and on
 the brief).

PER CURIAM
 Following the denial of his motion to suppress evidence,

defendant pled guilty to second-degree unlawful possession of a

handgun, N.J.S.A. 2C:39-5(b), and third-degree aggravated

assault on a police officer, N.J.S.A. 2C:12-1(b)(5)(a), and was

thereafter sentenced to five years' incarceration, subject to a

three-year period of parole ineligibility, in accordance with a

plea bargain. He now appeals the denial of his motion to

suppress and argues as follows:

 POINT I – IN A CASE WHERE DEFENDANT CLAIMED
 THAT THE GUN WHICH SUPPORTED HIS STOP WAS
 NOT IN PLAIN VIEW, THE COURT'S RULING TO
 QUASH DEFENDANT'S SUBPOENA AND PREVENT A
 REPORTER FROM THE ASBURY PARK PRESS FROM
 TESTIFYING ABOUT HER PUBLISHED ARTICLE
 CONTAINING CONFLICTING INFORMATION VIOLATED
 THE DEFENDANT'S RIGHT TO CONFRONT WITNESSES
 AGAINST HIM BY [RESTRICTING] HIS ABILITY TO
 CONFRONT THE STATE'S VERSION OF PLAIN VIEW.

We have considered this argument in light of the record and the

law, and we affirm.

 We begin with a brief recitation of the facts underlying

the appeal. On October 19, 2012, Asbury Park police officer

Raisin was on patrol in an unmarked police car with another

officer when he saw defendant walking down Sunset Avenue with

what appeared to be a gun handle protruding from his jacket

pocket. Upon pulling up next to defendant, Raisin got out of the

car and said, "I just want to make sure that's not a gun on

you." Defendant responded by lifting his shirt and denying he

 2 A-5249-13T3
had a weapon. This action, however, caused the gun butt to

protrude "even more" from his jacket pocket, and confirmed

Raisin's earlier suspicion that defendant had a gun in his

pocket.

 As Raisin reached for the gun, defendant immediately

punched the officer in the face four times. The officers

eventually subdued defendant after spraying him with a police-

issued chemical spray. The weapon was retrieved and was

discovered to be an operable handgun loaded with live .45

caliber rounds.

 Defendant testified at the suppression hearing that he had

a gun in his pocket, but asserted that the weapon was in a

closed and zippered pocket other than the one identified by the

officer. Defendant also sought to subpoena an Asbury Park Press

reporter who wrote a story about the incident in which it was

reported that the officers saw the weapon in defendant's

"waistband." The story cited Asbury Park Police Captain Anthony

Salerno as the source of the information.

 Although the Law Division quashed the subpoena, Captain

Salerno testified at the suppression hearing and defendant was

permitted to extensively cross-examine Raisin about the story in

the paper. Raisin said he did not speak to the reporter or to

Captain Salerno about the incident.

 3 A-5249-13T3
 Captain Salerno acknowledged he spoke to the reporter about

the incident, but confirmed he had not spoken to either of the

arresting officers prior to the publication of the article in

the Asbury Park Press.

 The judge found the testimony of the officers to be

credible and denied suppression. Defendant now appeals and

argues that the quashing of the subpoena denied his

constitutional right of confrontation and compulsory process.

 Initially, we address defendant's argument that Judge

Ronald Lee Reisner erred in granting the Asbury Park Press'

motion to quash defendant's pre-trial subpoena seeking the

testimony of a reporter. A judge's decision to quash a subpoena

is reviewed for abuse of discretion. State v. Medina, 201 N.J.

Super. 565, 580-81 (App. Div.), certif. denied, 102 N.J. 298

(1985).

 Substantively, the Asbury Park Press argued that they were

entitled to the protections afforded newspersons, pursuant to

the New Jersey Shield Law, N.J.S.A. 2A:84A-21, and N.J.R.E. 508

(codifying the Shield Law into Rules of Evidence). However, the

motion judge did not grant the newspaper's motion on the basis

of this privilege, but rather based upon procedural defect.

 Following a hearing, the judge found that Rule 1:9-1, which

incorporates Rule 4:4-4, requires service of a subpoena upon a

 4 A-5249-13T3
non-party by personal service. See N.J. Cure v. Estate of

Hamilton, 407 N.J. Super. 247, 250-51 (App. Div. 2009) (holding

that mailed service to an unwilling non-party subject to

personal service renders the subpoena ineffective). As defendant

left the subpoena for the reporter with the security guard at

the door of the Asbury Park Press office, this did not

constitute effective service. We find no abuse of discretion.

The motion judge properly deemed this error fatal to defendant's

application, and rightly quashed the subpoena.

 The defendant, thereafter, did not re-serve the subpoena,

and thus, he has no standing to challenge the quashing of the

subpoena on substantive grounds.

 Next, we turn to Judge Joseph W. Oxley's denial of

defendant's suppression motion. In reviewing a motion to

suppress, we "must uphold the factual findings underlying the

trial court's decision so long as those findings are 'supported

by sufficient credible evidence in the record.'" State v.

Elders, 192 N.J. 224, 243 (2007) (quoting State v. Elders, 386

N.J. Super. 208, 228 (App. Div. 2006), aff'd in part and rev'd

in part, 192 N.J. 224 (2007)). Deference is especially

appropriate when the trial court has the "opportunity to hear

and see the witnesses and to have the 'feel' of the case, which

a reviewing court cannot enjoy." Id. at 244 (quoting State v.

 5 A-5249-13T3
Johnson, 42 N.J. 146, 161 (1964)). Nevertheless, we are not

required to accept findings that are "clearly mistaken" based on

our independent review of the record. Ibid. Moreover, we need

not defer "to a trial . . . court's interpretation of the law,"

as "[l]egal issues are reviewed de novo." State v. Vargas, 213

N.J. 301, 327 (2013).

 The plain view doctrine is a recognized exception to the

Fourth Amendment's requirement for police to obtain a warrant

prior to conducting a search. Texas v. Brown, 460 U.S. 730, 735,

103 S. Ct. 1535, 1539, 75 L. Ed. 2d 502, 509 (1983); State v.

Bruzzese, 94 N.J. 210, 236 (1983). There are three requirements

for the plain view doctrine1:

 First, the police officer must be lawfully
 in the viewing area.

 Second the officer has to discover the
 evidence "inadvertently," meaning that he
 did not know in advance where evidence was
 located nor intend beforehand to seize it.

 Third, it has to be "immediately apparent"
 to the police that the items in plain view
 were evidence of a crime, contraband, or
 otherwise subject to seizure.

1
 The New Jersey Supreme Court has recently revisited the plain
view exception in State v. Gonzales, 227 N.J. 77, 82 (2016),
where it dispensed of the inadvertence requirement for a plain-
view seizure. Finding this to be a new rule of law, the Court's
holding is applied prospectively and does not control our
analysis. Ibid.

 6 A-5249-13T3
 [Bruzzese, supra, 94 N.J. at 236 (quoting
 Coolidge v. New Hampshire, 403 U.S. 443,
 465-70, 91 S. Ct. 2022, 2037-40, 29 L. Ed.
 2d 564, 582-85 (1971)).]

 Applying these principles, we discern no basis for

disturbing the motion judge's determination that the officers

observed defendant's gun in plain view, thereby satisfying the

exception to the warrant requirement. Here, finding the

testimony of the officers to be clear and unequivocal, the

motion judge determined that all three of the requirements of

the plain view doctrine had been satisfied. The officers were

lawfully patrolling the 700 block of Sunset Avenue in Asbury

Park, a location where two individuals had been shot multiple

times the day prior, when they witnessed defendant walking. The

officers observed the handle of a handgun protruding from

defendant's jacket pocket, and based upon their prior

interactions with defendant, the officers knew that it was

highly unlikely for that he had a permit to carry such a weapon.

All of these findings are supported by substantial credible

evidence in the record and therefore we discern no basis to set

aside the judge's order denying the motion to suppress.

 Affirmed.

 7 A-5249-13T3