276 N.J. Super. 1 (1994)
647 A.2d 157
NATIONAL COMMUNITY BANK OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
G.L.T. INDUSTRIES, INC., LEONARD FREEMAN, MARTHA ANN FREEMAN AND ONAN EASTERN COMPANY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted May 18, 1994.
Decided June 3, 1994.
*3 Before Judges SHEBELL and LANDAU.
Francis J. DeVito, for appellant (Lenore M. Kasperowicz, on the brief).
Weber, Muth & Weber, for respondents (George J. Cotz, on the brief).
The opinion of the court was delivered by LANDAU, J.A.D.
By order dated January 13, 1994, we granted to plaintiff, National Community Bank of New Jersey[1], leave to appeal the Law Division's denial of its motion for summary judgment against defendants G.L.T. Industries, Inc. (G.L.T.), Leonard Freeman, Martha Ann Freeman and Onan Eastern Company (Onan). The order of denial is reversed, based on our conclusion that no genuine material issue of fact has been presented which, as a matter of law, precludes entry of judgment for appellant.
Plaintiff initiated this action against the several defendants to recover monies due under two promissory notes and related guarantees. Defendant G.L.T. executed a note to plaintiff in the principal sum of $250,000, individually guaranteed by its president, defendant Leonard Freeman, and his wife Martha Ann Freeman. The Freemans own the premises occupied by G.L.T. In addition, the Freemans, "Individually and t/a Onan Eastern Company" executed a promissory note to plaintiff in the amount of $450,000. It was separately guaranteed by G.L.T., in a document signed by "Leonard Freeman, President."
*4 Existence of the obligations, the instruments, and the guarantees was undisputed, as was their defaulted status. Summary judgment was apparently denied upon defendant's argument that it was entitled to an evidentiary hearing to explore whether there had been an oral agreement to restructure the debt. Unfortunately, there were no findings or conclusions entered to explain denial of plaintiff's motion (see R. 1:6-2(f); R. 1:7-4; R. 4:46-2). We discern from colloquy that the judge deemed significant plaintiff's receipt of $6,000 as an application fee and also several thousand dollars for appraisal fees in connection with the proposed restructuring. The judge stated that the bank should have refused "to take his money," if they had no obligation to restructure. We disagree.
The very nature of an application and appraisal process is to explore, not necessarily to cement, the possibility of a viable loan, or, in this case, a viable restructuring. Every courtship does not lead to marriage. Every refinancing application does not guarantee acceptance.
Moreover, it appears that the judge failed to consider plaintiff's reliance upon N.J.S.A. 25:1-5f, effective April 4, 1991, which requires a writing, signed by the party to be charged therewith, to support an action based upon:
A contract, promise, undertaking or commitment to loan money or to grant, extend or renew credit, in an amount greater than $100,000, not primarily for personal, family or household purposes, made by a person engaged in the business of lending or arranging for the lending of money or extending credit. For the purposes of this subsection, a contract, promise, undertaking or commitment to loan money shall include agreements to lease personal property if the lease is primarily a method of financing the obtaining of the property
The Statute of Frauds governs this case. To the extent an implicit or explicit agreement to forbear from enforcing remedies may be asserted, newly enacted subparagraph "g" of N.J.S.A. 25:1-5 makes it also subject to the Statute as:
g. An agreement by a creditor to forbear from exercising remedies pursuant to a contract, promise, undertaking or commitment which is subject to the provisions of subsection f. of this section.
*5 Although the above legal conclusions render moot plaintiff's further argument that discovery was incomplete, we note that there was adequate opportunity for discovery before, and certainly after, denial of judgment.
Finally, although the motion judge did not address applicability of Regulation B (12 C.F.R. § 202.7(d)) promulgated under the Federal Equal Credit Opportunity Act, 15 U.S.C.A. § 1691 (ECOA), we reject this defense, briefed by defendants, as clearly without merit. The certification of defendant Martha Ann Freeman itself makes clear that she was an equal partner in Onan Eastern Company which borrowed $450,000 on a note guaranteed by G.L.T. Industries, the borrower on the $250,000 loan personally guaranteed by each of the Freemans. As both Freemans owned the premises occupied by G.L.T., each had an interest in its continued financing. Moreover, defendants' brief concedes that the financing which gave rise to execution of the $250,000 and $450,000 obligations and guarantees was initiated because G.L.T. was faced with serious cash flow problems and required capital infusion. The ECOA and its implementing regulation are not here applicable. See Riggs Nat. Bank of Washington D.C. v. Webster, 832 F. Supp. 147, 151 (D.Md. 1993); Riggs National Bank of Washington, D.C. v. Linch, 829 F. Supp. 163, 169 (E.D.Va. 1993); Delta Diversified v. Cit. & South Nat. Bank, 171 Ga. App. 625, 320 S.E.2d 767, 770-771 (1984).
We reverse the denial of plaintiff's motion for summary judgment, and remand for entry of judgment for plaintiff and against defendants in an amount to be calculated by the Law Division upon remand.
NOTES
[1] Plaintiff has submitted a reply brief, unilaterally changing the name of plaintiff to "Columbus Realty Investment Corporation, assignee of National Community Bank of New Jersey". An unsigned order, apparently submitted to the Law Division after we granted leave to appeal, has been included in appellant's appendix, although it is not part of the record. We proceed under the original caption, without prejudice to perfection of the rights of any assignee.