**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1466-15T1

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee for Morgan
Stanley ABS Capital I Inc. Trust
2006-HE4,

    Plaintiff-Respondent,

v.

ATHENA KARAYANIS and WACHOVIA
BANK, N.A.,

    Defendants,

and

NICHOLAS KARAYANIS,

    Defendant-Appellant.

_____

Submitted September 11, 2017 — Decided September 18, 2017

Before Judges Sabatino and Ostrer.

On appeal from Superior Court of New Jersey,
Chancery Division, General Equity, Bergen
County, Docket No. F-028792-09.

Nicholas Karayanis, appellant pro se.

Reed Smith LLP, attorneys for respondent
(Henry F. Reichner, on the brief).

PER CURIAM

This is an appeal from the Chancery Division's December 2, 2015 order denying appellant's motion for relief from a Final Judgement of Foreclosure issued on October 1, 2010 and an Amended Final Judgment dated November 10, 2014. We affirm.

In February 2006, Nicholas and Athena Karayanis ("the borrowers") borrowed $428,000 from Dana Capital Group, Inc. ("Dana Capital") as part of a residential purchase. To secure the loan, the borrowers executed a mortgage for that same amount which named Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for Dana Capital. The mortgage was recorded on March 10, 2006.

On June 1, 2009, the mortgage was assigned to plaintiff, Deutsche Bank National Trust Company. That assignment was recorded on July 15, 2009.

The borrowers defaulted on their mortgage in January 2009, and failed to make any payments thereafter. As a result, plaintiff initiated foreclosure proceedings in June 2009, notice of which was served on the borrowers.

Despite that notice, the borrowers failed to file any responsive pleading and remained in default on the mortgage loan. The trial court accordingly entered default judgment against the borrowers. The borrowers participated in foreclosure mediation,

A-1466-15T1

which was unsuccessful. A final judgment was entered in plaintiff's favor on October 1, 2010.

Thereafter, plaintiff served on the borrowers a supplemental notice of its intent to foreclose in August 2012. At plaintiff's request, the judgment was amended on November 10, 2014.

The borrowers moved to vacate the final judgment in December 2015, over three years after they had first received notice of the intent to foreclose. The trial court denied that motion as "without merit."

The borrowers moved for leave to file an emergent appeal with this court, an application which we denied on January 5, 2016. Meanwhile, the property was sold at a sheriff's sale. The borrowers moved to vacate the sale, but the trial court denied that motion as well.

The present appeal by Nicholas Karayanis, the co-borrower, ensued. Appellant seeks to reverse the trial court's denial of the motion to vacate the judgment. He apparently wishes to rescind the sheriff's sale and somehow reclaim the foreclosed property.

In his brief, appellant essentially argues two core points. First, he contends the trial court erred in denying his post-judgment motion under Rule 4:50-1 because there was "excusable neglect" for his delay in taking action, stemming from the alleged inattentiveness of the attorney he had previously retained to

represent his interests in this matter. Second, appellant maintains he had meritorious defenses to the complaint because, among other things, plaintiff lacked standing to foreclose on the mortgage, and because plaintiff violated consumer protection laws in its interactions with him and the co-borrower.

Our scope of review of the trial court's ruling on the Rule 4:50-1 motion is exceedingly narrow. As the Supreme Court has observed in a foreclosure context, a trial court's decision under Rule 4:50-1 "warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." U.S. Bank Nat'l Assn. v. Guillaume, 209 N.J. 449, 467 (2012) (citations omitted).

Moreover, where, as here, a litigant delays more than one year after the entry of a judgment in moving to set it aside, the available grounds for relief under Rule 4:50-1 are more restrictive and do not include claims of "excusable neglect" under subsection (a) of that provision. See R. 4:50-2 (expressing the one-year limitation for motions filed under subsections (a), (b) and (c) of Rule 4:50-1); Orner v. Liu, 419 N.J. Super. 431, 437 (App. Div.) (recognizing this prescribed "outermost time limit"), certif. denied, 208 N.J. 369 (2011).

Applying these standards to the record presented, we readily affirm the Chancery Division's denial of the motions to set aside the final judgment.

Even if it was not too late for appellant to assert a claim of excusable neglect, his former attorney's alleged inattentiveness provides him with no recourse against plaintiff. See Baumann v. Marinaro, 95 N.J. 380, 394 (1984) (holding that "mere carelessness or lack of proper diligence on the part of an attorney is ordinarily not sufficient to entitle his clients to relief from an adverse judgment") (quoting In re T., 95 N.J. Super. 228, 235 (App. Div. 1967)).

We also agree with the trial court that appellant has failed to put forth meritorious defenses that could justify unraveling this final judgment years after its entry. Plaintiff's standing to bring this foreclosure complaint is clearly supported by the July 2009 recorded assignment of the mortgage. Deutsche Bank Trust Co. Americas v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (observing that either possession of the note or an assignment of the mortgage predating the foreclosure complaint confers standing).

There is no viable claim of consumer fraud presented, despite appellant's undocumented contention that an unnamed loan servicing agent allegedly told him that if he were in arrears he would be

provided with financial assistance.  The unrefuted key fact is that the borrowers made no payments on this mortgage for over seven years.  They were not legally entitled to a loan modification by the mortgagee, despite their unfortunate financial distress. See Nat'l Cmty. Bank of N.J. v. G.L.T. Indus., Inc., 276 N.J. Super. 1, 4 (App. Div. 1994).

To the extent that we have not already discussed them, appellant's remaining arguments lack sufficient merit to warrant comment here. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1466-15T1