**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1410-17T3

US BANK NATIONAL
ASSOCIATION, AS TRUSTEE
FOR CMALT REMIC SERIES
2007-A5-REMIC PASS-THROUGH
CERTIFICATES SERIES 2007-A5,

      Plaintiff-Respondent,

v.

CARMINE CHIMENTO and
DEBORAH CHIMENTO,

      Defendants-Appellants.

_____

          Submitted January 8, 2019 – Decided March 4, 2019

          Before Judges Gilson and Natali.

          On appeal from Superior Court of New Jersey, Chancery Division, Morris County, Docket No. F-064312-09.

          Christopher J. O'Rourke, attorney for appellants.

          Ballard Spahr, LLP, attorneys for respondent (William J. DeSantis, on the brief).

PER CURIAM

In this residential foreclosure matter, defendants Carmine and Deborah Chimento appeal from a September 27, 2013 order granting summary judgment to their lender and an October 17, 2017 final judgment of foreclosure. Defendants contend that there were material fact disputes concerning whether the lender agreed to modify the terms of their loan. Discovery revealed no credible evidence of such a modification and no written modification. Therefore, we affirm.

The facts concerning the loan and default are undisputed. In March 2007, defendants borrowed $504,000 from Superior Mortgage Corporation. In connection with that loan, defendants executed a note and a mortgage on their home. In March 2009, defendants applied for a loan modification. The requested modification was not approved and there is no evidence of a written loan modification.

In April 2009, defendants defaulted on the loan and they have not made any payments since. While defendants have remained in the home, plaintiff has paid over $71,000 in real estate taxes and homeowner's insurance for the property.

A-1410-17T3

In December 2009, the mortgage was assigned to CitiMortgage, Inc. (Citi). Shortly thereafter, Citi filed a foreclosure complaint. Defendants responded with a contesting answer and counterclaim. Thereafter, the parties engaged in mediation and discovery.

In June 2013, Citi moved for summary judgment. In opposition, defendants argued that Citi had agreed to a loan modification in 2009. Despite engaging in discovery, defendants had no evidence of a written loan modification. Instead, discovery established that defendants had applied for a modification, but the modification had never been granted. In a deposition, Carmine Chimento admitted that he was not aware of any written loan modification. The Chancery court gave defendants an extension to conduct further discovery. The court then heard oral argument and pointed out that there was no evidence of an oral or written loan modification, and, therefore, granted summary judgment to Citi in an order entered on September 27, 2013.

In June 2015, Citi assigned the mortgage to plaintiff, US Bank National Association as Trustee for CMALT REMIC Series 2007-A5-REMIC Pass-Through Certificates Series 2007-85 (US Bank). US Bank was then substituted in as the named plaintiff.

A-1410-17T3

A final judgment of foreclosure was entered on October 17, 2017. By that time, the loan with interest and advances by plaintiff amounted to just over $829,000.

On this appeal, defendants make two arguments. They contend that they were entitled to further discovery concerning whether there was a loan modification. They also argue that plaintiff acted in bad faith in dealing with them concerning the loan modification and in the discovery process. These arguments lack sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E).

After being given the opportunity to conduct discovery, defendants presented no evidence of a loan modification. The only evidence in the record is an application for such a modification and an indication that there were some discussions about that modification. There is no evidence, however, that a modification was approved or put in writing. The applicable statute of frauds requires a writing signed by the lender if a loan exceeds $100,000. N.J.S.A. 25:1-5(f) and (g). Those statutory provisions apply to a loan modification. See Nat'l Cmty. Bank of N.J. v. G.L.T. Indus., Inc., 276 N.J. Super. 1, 4 (App. Div. 1994).

A-1410-17T3

There is also nothing in the record to support defendants' contention that the bank acted in bad faith in connection with the requested loan modification and discovery. Instead, defendants simply make an unsupported assertion. What is not in dispute is that defendants borrowed over $500,000, executed a note and mortgage, and defaulted on the note and mortgage. Moreover, the default occurred in 2009, and defendants have failed to pay their mortgage or property taxes since that time.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION